Simons Hardware Company, Demandante y Apelada, *v.* Healy & Siebert, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de dinero (traslado del caso).

No. 2745.—Resuelto en julio 28, 1922.

Traslado—Sustitución de Partes.—Cuando el demandado tiene derecho al traslado del pleito a la corte de su domicilio, ocurrida su muerte, sus herederos pueden solicitar y obtener el traslado aunque no hayan hecho moción formal para sustituir a su causante.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. H. F. Besosa.*

Abogado de la apelante: *Sr. J. Sabater.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La corporación Simons Hardware Company demandó en la Corte de Distrito de San Juan, Distrito Primero, a Healy & Siebert, compuesta por los socios gestores John J. Siebert y John Doe para cobrarle cierta cantidad de dinero por mercancías que alega haber vendido a la demandada desde marzo 23 hasta noviembre 21, 1920, a cuatro meses plazo, y que no le han sido pagadas.

Compareció en el pleito Concepción Milanta por sí y en nombre de sus hijos, todos menores de edad, para pedir el traslado del pleito a la Corte de Distrito de Mayagüez y en la declaración jurada que presentó expuso que su esposo John Jacob Siebert falleció a los ocho días de haber sido citado personalmente para comparecer en este pleito; que ella y sus hijos, cuyos nombres y edades relaciona, constituyen su

sucesión; que la residencia de la sociedad Healy & Siebert, la de John Jacob Siebert y la de la compareciente y sus hijos es y ha sido por más de siete años la ciudad de Mayagüez; que la sociedad Healy & Siebert estaba formada por su esposo John Jacob Siebert y por Archibald L. Healy, pero que éste transmitió a aquél sus derechos en la sociedad hace más de cinco años, siendo desde entonces John Jacob Siebert hasta su muerte el único dueño de todo el activo y pasivo de dicha mercantil Healy & Siebert y el único que ha venido haciendo negocios desde entonces con el nombre de esa razón social; que Archibald L. Healy después del traspaso que hizo al otro socio se ausentó de esta Isla desde hace cinco años, y que todos los derechos, acciones, título e interés de la sociedad Healy & Siebert han pasado por el fallecimiento de John Jacob Siebert a sus herederos comparecientes.  También se dice en esa declaración jurada que sus abogados a quienes han expuesto su caso le manifiestan que tienen una buena defensa y que comparece en este procedimiento para sustituir a su esposo y pedir el traslado del pleito.

Se opuso la demandante a la petición de traslado y la corte lo denegó fundándose en que la compareciente y sus hijos no son partes en el procedimiento porque no se ha pedido la sustitución de la parte demandada, si es, como se alega, que Mr. Siebert murió y que la señora Milanta y sus hijos componen su sucesión.

Como la declaración jurada de Concepción Milanta no ha sido contradicha por la parte demandante y como de ella aparece que John Jacob Siebert fué citado en este pleito como socio gestor de Healy & Siebert; que murió; que su viuda é hijos comparecientes son sus herederos; que tanto estas personas como John Jacob Siebert y la sociedad Healy & Siebert tienen y han tenido por varios años su residencia en la ciudad de Mayagüez, y que John Jacob Siebert era el único interesado en la razón social demandada cuando fué contraida la obligación cuyo pago se reclama, llegamos a la con-

clusión de que ejercitándose en este pleito una acción personal, los comparecientes tienen derecho a que el pleito sea trasladado a la Corte de Distrito de Mayagüez, aunque no hayan hecho una moción formal para sustituir a su causante porque esta diligencia puede tener lugar en la corte de su domicilio.

La resolución apelada debe ser revocada y ordenarse el traslado del pleito.

> *Revocada la resolución apelada y ordenado el*
> *traslado del pleito.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.